UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA S.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:22-cv-05745-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 11, 14, 15.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and, again, following reconsideration. Administrative Record ("AR") 96, 107. After briefly appearing at a hearing on October 8, 2019, and requesting a postponement, AR 37-46, Plaintiff's requested hearing was held before the ALJ on September 15, 2020. AR 47-65.

On November 3, 2020, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 118-37. The Appeals Council vacated and remanded the case because the ALJ did not consider certain evidence regarding Plaintiff's alleged physical impairments and poorly articulated the residual function capacity ("RFC") finding. AR 139-40; Dkt. 11 at 3.

Plaintiff attended a third hearing on January 27, 2022. AR 66-95. The ALJ issued a decision on March 23, 2022, again concluding Plaintiff was not disabled. AR 12-36. On September 8, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1-6. On October 5, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 5. Defendant filed the sealed AR regarding this matter on January 9, 2023. Dkt. 9.

## II. BACKGROUND

Plaintiff was born in 1967 and was 50 years old on the alleged date of disability onset of April 24, 2018. AR 96-97. Plaintiff has a high school education and completed two years of college. AR 24, 727. Plaintiff previously worked as a data entry clerk and receptionist. AR 24. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of degenerative disc disease, degenerative joint disease, major depressive disorder, ADHD, and

adjustment disorder. AR 17. However, the ALJ found Plaintiff was not disabled because she had the RFC "to perform light work as defined in 20 CFR 416.967(b), except she can perform simple tasks not involving contact with the public." AR 20.

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the testimony of Plaintiff; (2) whether the ALJ properly evaluated the medical opinion of David Mashburn, Ph.D.; (3) whether the ALJ erred by not incorporating a restriction on Plaintiff's interactions with supervisors in the RFC; and (4) whether the ALJ erred by not considering Plaintiff's doctor's statement on her disabled parking application.

**A.  Plaintiff's Testimony**

Initially, Plaintiff argues the ALJ erred by not giving "clear and convincing" reasons for discounting Plaintiff's testimony. Dkt. 11 at 6-11 (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

Plaintiff testified that she could not sit, stand, or walk for more than two hours, she needed to move every 15 minutes because of burning pain in her back, and was "not often" able to lift ten pounds. AR 76-79. While the ALJ found Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," he also found that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms" were "not entirely consistent with the medical evidence and other evidence in the record." AR 20.

   First, the ALJ cited multiple x-rays and MRIs which were unremarkable, showed only moderate or mild degenerative changes, mildly restricted range of motion, and diffuse tenderness. AR 20-21. While the ALJ cannot require Plaintiff to provide medical evidence to support each part of her pain testimony, he may find that medical evidence inconsistent with Plaintiff's testimony challenges her credibility. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). While Plaintiff points to notes from her treating orthopedist, Dr. Patel, frequently indicating her symptoms were consistent with MRI scans, Dkt. 11 at 8; Dkt. 15 at 3, the symptoms referenced in these appointments were not necessarily the same as those about which she testified. *See, e.g.*, AR 1059 (lying down exacerbated symptoms but "sitting down alleviates her pain").

   Second, the ALJ noted that Plaintiff's treatment "has generally been routine and conservative. She was prescribed NSAID pain relievers, neuropathic pain medication, and muscle relaxant; and attended physical therapy, massage, and chiropractic care." AR 21. The ALJ noted further noted that Plaintiff had "short-term relief from pain medication, massage, and chiropractic care" and "good relief from injections." AR 21. Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment. *Doney v. Berryhill*, 728 F. App'x 687, 689 (9th Cir. 2018) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007)). This is especially true where a claimant acknowledges a favorable response to the conservative treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (where plaintiff received "physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset," his positive response to these treatments undermined testimony "regarding the disabling nature of his pain"); *see also Patricia B. v. Kijakazi*, No. 2:21-CV-00118-ACE, 2023 WL 173611, at *4 (E.D. Wash. Jan. 12,

2023) (affirming ALJ where plaintiff had "short-term relief following epidural injections"). Plaintiff argues that Dr. Patel recommended surgery and often noted that conservative treatments were not working. Dkt. 11 at 9-10. However, the ALJ properly considered this difference in opinion between Plaintiff's doctors. AR 20 ("some providers have discussed or recommended surgical interventions, although others recommend continued conservative treatment"). It is the ALJ's responsibility to resolve conflicts in medical testimony. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Lastly, the ALJ found Plaintiff's pain inconsistent with observations from physical examinations. Plaintiff often ambulated independently with a normal gait and without any acute distress. Likewise, examination of Plaintiff's cervical spine "frequently was unremarkable, showing normal range of motion with no tenderness, while lumbar examination also showed no tenderness." AR 21.

Plaintiff argues that this "does not conflict with her testimony that she could not stand or walk for *prolonged* periods." Dkt. 15 at 3 (emphasis in original). Even if the physical exams were not a legitimate basis to discredit this portion of Plaintiff's testimony, the other issues discussed above constitute "clear and convincing" reasons on their own. *Garrison*, 759 F.3d at 1014.

**B.      The April 2018 Opinion of David Mashburn, Ph.D.**

Plaintiff also assigns error to the ALJ's evaluation of an April 2018 opinion from examining psychologist David Mashburn, Ph.D. Dkt. 11 at 11-15.

1    For applications filed on or after March 27, 2017, the Administration has directed ALJs
2    to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c).
3    Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their
4    "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a).
5    The Ninth Circuit recently held that the "revised social security regulations are clearly
6    irreconcilable with [its] caselaw according special deference to the opinions of treating and
7    examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32
8    F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's
9    decision, including the decision to discredit any medical opinion, must simply be supported by
10   substantial evidence." *Id.* at 787.

11   In his report for the Washington State Department of Social and Health Services, Dr.
12   Mashburn noted Plaintiff's history of abuse, previous psychiatric hospitalizations, and her
13   termination from her most recent job due to paranoia and inability to focus on her work. AR 727-
14   28. Dr. Mashburn observed that Plaintiff was cooperative, had an affect that was "labile and
15   other times flat," abnormal thought process and content (tangential and circumstantial thoughts),
16   and abnormal concentration ("somewhat poor serial 3's and very difficult to get concise answers
17   to questions"). AR 730-31. The remainder of Dr. Mashburn's observations appeared to be
18   normal. Plaintiff showed normal orientation, perception, memory, fund of knowledge, abstract
19   thought, insight and judgment, and "goal directed" speech. *Id.* With respect to mood, Plaintiff
20   said, "considering what I am going through fine…I have to think positively- but I want to have a
21   complete breakdown." AR 730. Dr. Mashburn awarded Plaintiff a 19 on the Hamilton Scale for
22   depression (moderate to severe) and concluded that Plaintiff had marked limitations in her ability
23   to understand, remember, and persist in tasks by following detailed instructions, perform
24

activities within a schedule, maintain regular attendance, and be punctual, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 729. Dr. Mashburn also found moderate limitations to Plaintiff's ability to learn new tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, and set realistic goals and plan independently. *Id.*

However, the ALJ found Dr. Mashburn's opinion unpersuasive, stating that it was neither internally consistent with Dr. Mashburn's own observations nor with the medical record. AR 23. Plaintiff argues this was error because the ALJ ignored many of Dr. Mashburn's abnormal findings. Dkt. 11 at 13. This Court disagrees and finds the ALJ's reasoning for rejecting Dr. Mashburn's opinion was supported by substantial evidence.

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *See Woods*, 32 F.4th at 791–92 (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). Dr. Mashburn's observations generally indicated Plaintiff was acting and appearing within normal limits, and other psychiatric exams indicate the same. AR 730, 758, 762. The ALJ correctly found that such observations "are inconsistent with moderate to marked limitations and marked overall impairment severity." AR 23.

Plaintiff argues that the ALJ ignored other evidence consistent with Dr. Mashburn's opinion. Dkt. 11 at 14-15. Plaintiff notes that she was late for half of ten sessions with a given health provider, was "visibly agitated" in one visit, "was struggling with organization because of

the stressors in her life" and "was tearful when discussing her history of abuse" in other visits. *Id.* (citing AR 735-43, 741, 736, 743). An ALJ need not discuss every treatment note in a claimant's medical record, but must explain why significant probative evidence has been rejected. *Loader v. Kijakazi*, No. 21-35429, 2022 WL 823656, at *1 (9th Cir. Mar. 18, 2022) (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984)). Of the observations cited by Plaintiff, none vary drastically from those normal observations Dr. Mashburn recorded, and none "are probative of more severe limitations" than those in the RFC. *Loader*, 2022 WL 823656, at *1. Thus, it was not error for the ALJ to disregard these notes.

## C. Restriction on Interactions with Supervisors

Plaintiff assigns error to the ALJ's RFC determination because it did not include any restriction on Plaintiff's interactions with supervisors. Dkt. 11 at 15-16 (citing AR 23). Consulting doctors Carla van Dam, Ph.D. and Jon Anderson, Ph.D., both reviewed the record and found Plaintiff had several mild and moderate limitations. AR 108-17. Dr. van Dam found Plaintiff could "function with occasional, but not frequent, criticism from supervisors." AR 115. The ALJ found both opinions "generally persuasive" and "largely consistent with the medical record." Plaintiff argues the ALJ erred when he failed to address the limitation on supervisors "or adopt it in his residual functional capacity assessment." Dkt. 11 at 16.

This Court finds persuasive the Commissioner's cite to *Patricia T. v. Comm'r of Soc. Sec.*, No. 1:17-CV-00912-MC, 2018 WL 4610053, at *2 (D. Or. Sept. 25, 2018), *aff'd sub nom. Thomas v. Saul*, 796 F. App'x 923 (9th Cir. 2019). In *Patricia T.*, the ALJ gave great weight to the majority of an opinion but gave no weight to a portion about the plaintiff's need for an "understanding supervisor." *Id.* at *3. The district court affirmed, finding this requirement was "not a proper functional assessment of a work limitation" and "simply too vague and

unquantifiable to incorporate into the claimant's RFC or into a VE hypothetical." *Id*. at 4. The same is true for Dr. van Dam's requirement here, and the ALJ did not err by ignoring it.

**D.      Disabled Parking Application**

Plaintiff also argues the ALJ erred when he did not consider Plaintiff's primary care physician's statements on a disabled parking application, recommending her for permanent parking privileges and indicating that she could not walk 200 feet before stopping to rest or must use an assistive device. Dkt. 11 at 16; AR 1259. The form contains no other statements or notes from the doctor. AR 1259. As the Commissioner points out, this is not a medical opinion and the ALJ was not required to consider it. Dkt. 14 at 10-11. *See Papin v. Barnhart*, 221 F. App'x 540, 541 (9th Cir. 2007) (ALJ was not required to consider a "disabled person placard statement" because it was conclusory).

**IV.      CONCLUSION**

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** to pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 18th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge